**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. _____

WCM INDUSTRIES, INC.,
a Colorado corporation,

     Plaintiff,

v.

DANCO, INC.,
a Delaware corporation, and
JOHN DOE,
an individual,

     Defendants.

**COMPLAINT WITH JURY DEMAND**

Plaintiff WCM Industries, Inc. ("WCM"), by and through its undersigned attorneys, for its Complaint against Defendants Danco, Inc. ("Danco") and John Doe, states as follows:

### I.  PARTIES

1. WCM is a Colorado corporation with its principal place of business at 2121 Waynoka Road, Colorado Springs, Colorado 80915.

2. Upon information and belief, Danco is a Delaware corporation with its principal place of business at 2727 Chemsearch Boulevard, Irving, Texas 75062. Danco is aware of WCM and competes against WCM in the United States.

3. One or more John Doe defendants, whose identities are presently unknown, have assisted, induced, contributed or cooperated with Danco to commit the acts complained of herein.

## II.    JURISDICTION AND VENUE

4. This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 101, *et seq.*

5. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400.

## III.    WCM'S LEGACY OF INNOVATION

7. WCM incorporates herein by reference each and every allegation contained in paragraphs 1-6 above.

8. WCM has long been recognized for manufacturing the finest plumbing products in the country. The company's rich and successful history began in 1929, when Joseph C. Woodford, Sr. opened the first location in Des Moines, Iowa. For three generations, the Woodford family has built on the foundation that Joseph C. Woodford, Sr. built. Now encompassing the Woodford, Watco, Roger's, ISIMET and MAPA brands, WCM continues to provide innovative and highly sought-after plumbing fixtures, valves and fittings for use in residential and commercial buildings. Through its long history of innovation and development of best-in-class products, WCM has become a leading supplier of plumbing fittings in the United States.

9. WCM has developed a portfolio of patents to protect its innovations that stands apart from any other company in the field of bath drains and overflow related fixtures. WCM's portfolio is the result of nine decades of improved engineering and manufacturing, as well as significant expenses made in research and development and innovation. WCM has enjoyed a reputation of innovation among those familiar with the marketplace, due in part to the innovative nature and quality of the products WCM manufactures.

10. WCM has continued to expand and maintain its patent portfolio, in part due to its strong belief in and support of the U.S. patent system's ability to spur innovation and progress, and in part to prevent knock-off artists and low-quality suppliers from unfairly enjoying the fruits of WCM's creativity and labor and causing confusion among consumers. Many of these knock-off artists import their products from less expensive and less reliable manufacturers located overseas.

11. Through its divisions, WCM has applied for and been granted over 100 U.S. Patents on inventions ranging from wall hydrants to faucets to bathtub drain covers. Over the last 20 years in particular, WCM has been granted a number of patents on its novel bath drains and related fixtures that have been commercialized and have resulted in highly successful products.

12. One of WCM's inventions is covered by U.S. Patent No. 9,234,337 ("the '337 Patent"), entitled "Foot-Actuated Drain Stopper," naming inventors William T. Ball and Eric Pilarczyk, which was duly and legally issued on January 12, 2016. A true and correct copy of the '337 Patent is attached hereto as Exhibit 1, which is incorporated herein by this reference.

13. The application that became the '337 Patent was filed with the United States Patent and Trademark Office ("USPTO") on June 7, 2013 and published with the USPTO as U.S. Patent Application Publication 2013/0269100 on October 17, 2013. Upon information and belief, Danco became aware of the '337 Patent upon its October 17, 2013 publication with the USPTO.

14. Another of WCM's inventions is covered by U.S. Patent No. 8,813,272 ("the '272 Patent"), entitled "Device and Method for Concealing A Flange Of A Waster Water Strainer," naming inventor William T. Ball, which was duly and legally issued on August 26, 2014. A true and correct copy of the '272 Patent is attached hereto as Exhibit 2, which is incorporated herein by this reference.

15. The application that became the '272 Patent was filed with the USPTO on October 17, 2011 and published with the USPTO as U.S. Patent Application Publication 2012/0090084 on April 19, 2012.  Upon information and belief, Danco became aware of the '272 Patent upon its April 19, 2012 publication.

16. By assignment, WCM owns all right, title and interest to the '337 and '272 Patents. WCM advertises its products, including those covered by the '337 and '272 Patents, by providing images and descriptions of its products in a print catalog that is distributed to wholesale distributors, customers, and potential customers throughout the United States. WCM also offers an electronic version of its catalog via its website, www.watcomfg.com.

### IV.     DANCO CONSPIRES TO COPY WCM'S PRODUCTS

17. WCM incorporates herein by reference each and every allegation contained in paragraphs 1-16 above.

18. Bathtub drain covers are useful plumbing fixtures in any residential and many commercial buildings, as they provide a solution for missing or damaged bathtub drains.  Bathtub drain covers include a durable metal construction permitting installation without needing to remove the preexisting bathtub drain.  Various aspects of WCM's novel bathtub drain covers are covered by multiple WCM patents.

19. Danco and WCM are competitors in the plumbing products market, including bathtub drain cover products. Danco has copied WCM's bathtub drain cover products and imported such copies from manufacturers located overseas to undercut WCM's prices and steal WCM's customers. As a result of Danco's copying, WCM has been forced to endure the added expense of having to compete with Danco for sales of WCM's own patented technology.

20. More specifically, Danco has been importing, offering to sell and selling, in the United States, one or more bathtub drain covers as part of its "EZ Drain Cover™" product lines. Danco's EZ Drain Cover products interface with preexisting bathtub drains in order to update outdated or worn bathtub drains, examples of which are product numbers 10528 and 10534 within Danco's EZ Drain Cover product line. True and correct pages taken from Danco's 2016 Product Catalogue showing examples of the infringing bathtub drain cover products being offered for sale and/or sold by Danco, including product numbers 10528 and 10534 (Catalogue page 489; Ex. 3, p. 6), are included as Exhibit 3, which are incorporated herein by this reference.

21. Upon information and belief, Danco also offers for sale its EZ Drain Cover products online. A true and correct copy of Internet pages taken from Danco's website showing an example of Danco's infringing bathtub drain covers; *i.e.*, EZ Drain Cover Product Stock Number 10528, which is offered for sale and/or sold by Danco, is included as Exhibit 4, which is incorporated herein by this reference.

22. Upon information and belief, Danco does not manufacture its EZ Drain Cover products, but rather imports those products from overseas. Documentation included in the EZ Drain Cover indicates that Danco's EZ Drain Covers are manufactured overseas; specifically, China. A true and correct image of the EZ Drain Cover product in its packaging as sold throughout the United States is depicted in Exhibit 5, pages 1 and 2, which is attached hereto and incorporated herein by this reference. True and correct images of Danco's EZ Drain Cover product packaging is also depicted in Exhibit 5, pages 3 through 6, which is attached hereto and incorporated herein by this reference.

23. Danco has offered to sell and, upon information and belief, has sold its EZ Drain Cover products in the State of Colorado.

24.     Upon information and belief, Danco is manufacturing, importing, selling and/or distributing its EZ Drain Cover products in willful violation of WCM's exclusive rights in the '337 and '272 Patents.  To the extent one or more elements of the '337 and '272 Patents are not directly literally infringed, those elements are infringed under the doctrine of equivalents.

25.     Specifically, the EZ Drain Cover contains all of the elements recited in at least Claim 1 of the '337 Patent and Claim 10 of the '272 Patent as exemplified below:

| '337 Patent | Danco's Infringing EZ Drain Cover Product |
|---|---|
| 1. A foot-actuated drain stopper (**10**), comprising: | [image of drain stopper labeled **10**] |
| a cap (**12**); | [image of drain stopper labeled **12**] |

| | |
|---|---|
| a seal associated with said cap (**11**); | |
| an adapter (**20**) comprising:<br>a body (**21**) having at least one groove (**22**),<br>a flange (**23**) extending from said body,<br>at least one arm (**24**) interconnected to at least one of said body and said flange, and<br>a hub (**25**) interconnected to said at least one arm and located generally in the center of the body; |  |

7

| | |
|---|---|
| a carrier (**30**) interconnected to said hub; |  |
| wherein said adapter is adapted for insertion into a strainer that is associated with a drain port of a bathtub; and | Danco's packaging states: "Update an Outdated or Worn Bathtub Drain Without Removing Existing Drain" and shows a photograph of a worn bathtub strainer in the top right corner of the packaging.  |

9

| | |
|---|---|
| wherein said cap is operatively interconnected to said carrier, and wherein said cap is capable of a first position of use that spaces the seal away from a flange of the strainer and a second position of use that engages the seal onto the flange of the strainer. | <br><br> |

| '272 Patent | Danco's Infringing EZ Drain Cover Product |
|---|---|
| 10. A device adapted for concealing a portion of a wastewater strainer comprising: | Danco's packaging states: "Update an Outdated or Worn Bathtub Drain Without Removing Existing Drain" and shows a photograph of a concealed bathtub strainer on the right-hand side of the packaging. |
| a plate (**15**) having an outer edge and an opening therethrough; | **15** |

| | |
|---|---|
| an arm (**24**) associated with said plate and extending into said opening; |  |
| a hub (**25**) positioned within said opening and associated with said arm; and | |
| a carrier (**30**) associated with said hub and extending from said plate. | |

## V.   **FIRST CLAIM FOR RELIEF**
### (Infringement of the '337 Patent)

26. WCM incorporates herein by reference each and every allegation contained in paragraphs 1-25 above.

11

27.     Danco's activities in manufacturing, using, selling and/or offering to sell in the United States, and/or importing into the United States, the product depicted below and the products depicted in Exhibits 3-5 constitute direct infringement of the '337 Patent, in violation of 35 U.S.C. § 271(a).



**Danco's EZ Drain Cover Product**

28. Upon information and belief, Danco is inducing direct infringement of the '337 Patent by others by actively instructing, assisting, and/or encouraging others to practice one or more of the inventions claimed in the '337 Patent, in violation of 35 U.S.C. § 271(b).

29. Upon information and belief, Danco is contributing to direct infringement of the '337 Patent by others by directing others to manufacture one or more components which constitute a material part of the invention defined by the claims of the '337 Patent, knowing the same to be especially made or especially adapted for use in an infringement of the '337 Patent, and which components are not staple articles or commodities of commerce suitable for substantial non-infringing use, in violation of 35 U.S.C. § 271(c).

30. Upon information and belief, Danco has acted in concert with and has induced or contributed to the infringement of the '337 Patent by instructing individual plumbers and tradesmen to commit acts that result in infringement of the '337 Patent.

31. Danco's actions in infringing the '337 Patent has been, and are, willful, deliberate and/or in conscious disregard of WCM's rights, making this an exceptional case within the meaning of 35 U.S.C. § 285 and entitling WCM to enhanced damages and an award of its attorneys' fees.

32. Danco's infringement of the '337 Patent has caused damage to WCM in an amount to be ascertained at trial.

33. Danco's infringement of the '337 Patent has caused and will continue to cause irreparable injury to WCM, to which there exists no adequate remedy at law. Danco's infringement of the '337 Patent will continue unless enjoined by this Court.

## VI.  SECOND CLAIM FOR RELIEF
### (Infringement of the '272 Patent)

34.     WCM incorporates herein by reference each and every allegation contained in paragraphs 1-33 above.

35.     Danco's activities in manufacturing, using, selling and/or offering to sell in the United States, and/or importing into the United States, the product depicted below and the products depicted in Exhibits 3-5 constitute direct infringement of the '272 Patent, in violation of 35 U.S.C. § 271(a).



**Danco's EZ Drain Cover Product**

36. Upon information and belief, Danco is inducing direct infringement of the '272 Patent by others by actively instructing, assisting, and/or encouraging others to practice one or more of the inventions claimed in the '272 Patent, in violation of 35 U.S.C. § 271(b).

37. Upon information and belief, Danco is contributing to direct infringement of the '272 Patent by others by directing others to manufacture one or more components which constitute a material part of the invention defined by the claims of the '272 Patent, knowing the same to be especially made or especially adapted for use in an infringement of the '272 Patent, and which components are not staple articles or commodities of commerce suitable for substantial non-infringing use, in violation of 35 U.S.C. § 271(c).

38. Upon information and belief, Danco has acted in concert with and has induced or contributed to the infringement of the '272 Patent by instructing individual plumbers and tradesmen to commit acts that result in infringement of the '272 Patent.

39. Danco's actions in infringing the '272 Patent has been, and are, willful, deliberate and/or in conscious disregard of WCM's rights, making this an exceptional case within the meaning of 35 U.S.C. § 285 and entitling WCM to enhanced damages and an award of its attorneys' fees.

40. Danco's infringement of the '272 Patent has caused damage to WCM in an amount to be ascertained at trial.

41. Danco's infringement of the '272 Patent has caused and will continue to cause irreparable injury to WCM, to which there exists no adequate remedy at law. Danco's infringement of the '272 Patent will continue unless enjoined by this Court.

## VII.     PRAYER FOR RELIEF

WHEREFORE, WCM requests that judgment be entered in its favor and against Danco as follows:

A.     Declaring that Danco has infringed United States Patent No. 9,234,337, and that Danco's infringement of the '337 Patent was and continues to be willful;

B.     Issuing temporary, preliminary, and permanent injunctions enjoining Danco, its officers, agents, subsidiaries, and employees, and those in privity with or that act in concert with any of the foregoing, from further activities that constitute infringement of United States Patent No. 9,234,337, pursuant to 35 U.S.C. § 283;

C.     Awarding WCM damages arising out of Danco's infringement of United States Patent No. 9,234,337 for each act of infringement, and trebling those damages pursuant to 35 U.S.C. § 284, together with costs and pre- and post-judgment interest;

D.     Declaring that Danco has infringed United States Patent No. 8,813,272, and that Danco's infringement of the '272 Patent was and continues to be willful;

E.     Issuing temporary, preliminary, and permanent injunctions enjoining Danco, its officers, agents, subsidiaries, and employees, and those in privity with or that act in concert with any of the foregoing, from further activities that constitute infringement of United States Patent No. 8,813,272, pursuant to 35 U.S.C. § 283;

F.     Awarding WCM damages arising out of Danco's infringement of United States Patent No. 8,813,272 for each act of infringement, and trebling those damages pursuant to 35 U.S.C. § 284, together with costs and pre- and post-judgment interest;

G.     Finding that this is an "exceptional case" within the meaning of 35 U.S.C. § 285 and awarding reasonable attorneys' fees to WCM;

H. Awarding WCM costs, both taxable and non-taxable;

I. Awarding WCM pre-judgment and post-judgment interest in amount applicable under the law; and

J. Awarding WCM such further legal and equitable relief as the Court deems just and proper.

## VIII. JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, WCM demands a trial by jury on all issues so triable.

Respectfully submitted,

Dated:  June 8, 2016  By: s/ Ian R. Walsworth
Ian R. Walsworth
iwalsworth@sheridanross.com
John C. Heuton
jheuton@sheridanross.com
SHERIDAN ROSS P.C.
1560 Broadway, Suite 1200
Denver, CO  80202
Telephone: 303-863-2720
Facsimile:   303-863-0223
litigation@sheridanross.com

ATTORNEYS FOR PLAINTIFF
WCM INDUSTRIES, INC.